**United States District Court**
**For the District of New Hampshire**

U.S. DISTRICT COURT
DISTRICT OF N.H
FILED

2015 NOV -3  A 11: 09

| | |
|---|---|
| Timothy Beers | ) |
| Plaintiff | ) |
| | ) |
| Vs. | ) |
| | ) |
| N.H. Department | ) |
| of Corrections | ) |
| | ) |
| Commissioner Wrenn et al | ) |

15-fp-454

## Jurisdiction

Plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983.
This Court has jurisdiction under 28 U.S.C. §§1331 & 1343.
Plaintiff also seeks a declaratory judgment pursuant to 28 U.S.C.
§2201.

## Venue

The District of New Hampshire is an appropriate venue under
28 U.S.C. §1391 (b)(2) because a substantial part of the events
or omissions giving rise to the claims occurred in this District.

**Defendants**

1) Defendant Maggie Hassan, Governor of the State of New Hampshire, is legally responsible for the oversight and functions of all agencies under the jurisdiction of the Executive Branch which includes the Department of Justice ("DOJ") and the Department of Corrections ("DOC") of the State of New Hampshire.

2) Defendant, Joseph Foster, Attorney General ("AG") of the State of New Hampshire, is legally responsible and obligated, as chief law enforcement officer and head of the New Hampshire Department of Justice ("NHDOJ"), to oversee any and all investigations, complaints, and all illegal or criminal allegations brought to his attention, and to assign qualified investigators under the jurisdiction of the NHDOJ. Defendant Foster is legally responsible for the allocation of funds from Federal grants originating from the Prison Rape Elimination Act ("PREA") for the prevention, protection and safety of prison inmates and the Communities of New Hampshire.

3) Defendant, William Wrenn, Commissioner of the New Hampshire Department of Corrections ("NHDOC"), is legally responsible for the overall operations of the NHDOC and each institution under its jurisdiction, including the Men's Prison in Concord, New Hampshire. Defendant Wrenn is legally responsible to ensure that each institution within the NHDOC

is in compliance with the zero tolerance policy as set forth by 28 U.S.C. 115 and Public Law 108-79, including the New Hampshire State Prison for Men ("NHSP/M") in Concord.

4) Defendant, Christopher Kench, Director of Security and training standards of NHDOC and each institution under its jurisdiction, including the Men's Prison in Concord, New Hampshire, is legally responsible for establishing and enforcing prescribed training standards and timetables to ensure all NHDOC staff and security personnel receive initial and recurrent training for the safety and protection of inmates under State care and the integrity and security of all Institutions under NHDOC jurisdiction, including the NHSP/M in Concord New Hampshire.

5) Defendant, Colon Forbes, Director of Investigations, of the NHDOC is legally responsible to investigate and report any and all allegations of criminal misconduct or activity of either staff, security personnel, or inmates at all institutions under the jurisdiction of the NHDOC, including the NHSP/M in Concord. Defendant Forbes is legally responsible to report the results of any and all investigations to the Commissioner of the NHDOC and/or the Attorney General of New Hampshire.

6) Defendant, Richard Gerry, at the time of initial complaint, Warden of the NHSP/M in Concord, is legally responsible for the overall operations of the facility. Defendant Gerry, during his tenure as Warden, is legally responsible for the implementation and adherence to the zero-tolerance policy as set forth by 28 U.S.C. 115 and Public Law 108-79.

7) Defendant, Jean Carrol, Director of PREA standards for the NHSP/M in Concord, is legally responsible for the implementation and adherence to the zero-tolerance policy as set forth by 28 U.S.C. 115 and Public Law 108-79, along with NHDOC Policy and Procedure Directive ("PPD") #5.19. Defendant Carrol is legally responsible to investigate and report any and all violations of the zero-tolerance standard of PREA according to the requirements therein, both State and Federal.

8) Defendant, Jon Fouts, Major of the NHSP/M in Concord, is legally responsible for the overall security operations and for the safety and security of all inmates under State care within the jurisdiction of the facility to include minimum security housing, halfway houses, and parolees. Defendant Fouts is legally responsible to ensure that all security personnel and staff are properly trained in accordance with Revised Statute Annotated ("RSA") 622:5, RSA 188-F:26, RSA 21-H:8 and 21-H:13.

(4)

9) Defendant, John Doe #1, Shift Commander for second shift, is legally responsible for the assignment, placement, and use of security personnel under his command to ensure the safety and well being of all inmates under State care within the NHSP/M in Concord and to ensure the security and integrity of the facility at all times during his shift, to include before, during, and after any and all special events that are to occur during the shift to which he is assigned.

10) Defendant[s], John Doe #'s 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11, are Corrections Officers ("COs"), legally responsible for the security, safety, and well being of inmates under State care, housed at the NHSP/M in Concord during thier assigned shift. Defendant[s], John Doe #'s 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11, are specifically legally responsible for security before, during, and after the specific Holiday special event mentioned herein and the security, safety, and well being of any and all inmates who participated at said special event.

11) Defendant, K. Jardine, female Corrections Officer ("CO") is legally responsible for the security, safety, and well being of any and all inmates under State care housed at the NHSP/M in Concord during her assigned shift.

12) Defendant John/Jane Doe #13 is a corrections officer ("CO") is responsible for mail sorting on the unit for out going

mail on second shift in H-Building. Defendant is responsible for sorting legal mail, union supply orders, request slips and grievances, from regular postage mail and directing it to the proper destination.

13) The defendants named herein are sued in their individual and official capacities, acting under color of Federal and State Law at all times relevant to this action.

### Facts

14) At the New Hampshire State Prison for Men ("NHSP/M") in Concord, New Hampshire, the Recreation Department organizes a Christmas Holiday event for inmates and their families. Inmates apply to attend the event and if certain criteria is met, they may attend.

15) The Holiday event is held annually every December over a period of several days to give an opportunity for all inmates with families a chance to attend.

16) The Holiday event is held in the gymnasium ("GYM") and due to limitations in space available, each unit has a specific day to attend with their families. This is established by the administration and the head of security, Major Jon Fouts. (See exhibit #9 "Holiday event form").

17) The Plaintiff, along with his unit, were assigned to attend the Holiday event on Thursday, December 18, 2014 at 6:30 pm.

18) The Holiday event ended at approximately 8:45 pm, at which time the family members were escorted out while the inmates in attendance remained in the gym.

19) At that time, the Correction Officers ("CO's") assigned for security announced that they were now "stripping you out".

20) There were approximately ten (10) CO's near eight (8) tables at the center of the gym. Eight (8) inmates were called over and ordered to strip down for a visual body cavity search ("strip search").

21) The strip search was done out in the open without the use of privacy screens and in direct view and proximity of the other inmates waiting to be strip searched.

22) The strip search was done out in the open without the use of privacy screens and in direct view of a female CO who was present in the gym.

23) In the gym where the group strip search took place, there is a video surveillance camara that focuses on any part of or all of the gym floor area, which, upon information and belief, is continuously operating.

24) Plaintiff is seventy-five percent (75%) deaf in his right ear and sixty five percent (65%) deaf in his left ear, and at the time of the Holiday event, he was without any type of hearing aids which caused the Plaintiff to be confused and disoriented throughout the strip search.

## Exhaustion of Remedies

25) The Plaintiff sent an inmate request slip ("IRS") to defendant Major Fouts on Tuesday, January 13, 2015 to inquire about the strip searches and more specifically about the manner in which they (strip searches) were conducted.

26) The Plaintiff went to Mental Health sick call on Thursday, January 15, 2015 to report the violations and seek to arrange with mental health staff a schedule for treatment for the trauma the Plaintiff suffered as a result of the group strip search and related offenses.

27) The Plaintiff, on Saturday, January 17, 2015, submitted a grievance form to Defendant Warden Gerry about the group strip search and related offenses. The grievance was denied stating that Major Fouts had not enough time to completely investigate the circumstances of the complaint.

28) On Saturday, January 24, 2015, the Plaintiff was summoned to mental health to meet with Defendant Jean Carrol to discuss the group strip search and related offenses and take a statement.

29) The Plaintiff, on Thursday, January 29, 2015, sent a grievance to Defendant Commissioner William Wrenn. This grievance, sent in a sealed, addressed, and stamped envelope directly to Defendant Wrenn, was intercepted by Defendant Gerry, who then answered, denying the presence of a female officer and stating that "...the following strip search procedure will be reviewed and changed as necessary for next year".

30) The Plaintiff, on Monday, February 16, 2015, sent a grievance a second time to Defendant Commissioner William Wrenn which was intercepted by Defendant Christopher Kench, who, in his reply stated that the finding of Defendant Gerry were sufficient and that the matter is settled.

31) The Plaintiff, on Thursday, February 19, 2015, wrote to the New Hampshire Attorney General, Defendant Joseph Foster stating the details of the group strip search and subsequent offenses, the steps taken with regard to the grievance policy and who replied. Defendant Foster replied that he was turning the investigation over to Defendant Major Fouts.

32) The Plaintiff, on the dates of February 26, March 26, April 27, and May 26 of 2015, wrote to Defendant Governor Maggie Hassan seeking relief but has yet to receive a reply from the office of the Governor.

33) The Plaintiff, having sought relief, not only from NHDOC Administration, but also from the Attorney General and the Governor and receiving none, believing that there has been a violation of his rights as a result of the group strip search and subsequent offenses is now turning to the Courts seeking relief.

## Causes of Action

## Count I

Plaintiff was subjected to an unreasonable search of his person in violation of the fourth amendment of the United States Constitution.

34) Plaintiff incorporates paragraphs 1 through 33 as though they were stated fully herein.

35) Plaintiff claims a violation of his fourth amendment right to be secure from all unreasonable searches and seizures of his person when defendant CO John Doe #2 ordered the Plaintiff to strip while in the presence and direct view of other inmates.

36) Plaintiff claims a violation of his fourth amendment right to be secure from all unreasonable searches and seizures of his person when defendant Co Jardine, a female officer, was present and viewing the group strip search from the stairs of the gym.

37) Plaintiff claims a violation of his fourth amendment right to be secure from all unreasonable searches and seizures of his person when defendant CO John Doe #2 ordered the Plaintiff to strip in full view of the video surveillance camara mounted in the gym, exposing Plaintiff to voyeurism.

38) Plaintiff claims a violation of his fourth amendment right to be secure from all unreasonable searches and seizures of his person when defendant Shift Commander, John Doe #1, Commander of second shift, upon information and belief, consented and approved the use of a group strip search in a non-exigent circumstance, without the use of privacy screens, while in view of a surveillance camera, and allowing a female CO to be present and viewing cross gender.

39) Plaintiff claims a violation of his fourth amendment right to be secure from all unreasonable searches and seizures of his person when defendant Major Fouts, being present, allowed the group strip search to occur without privacy screens, in full view of a female officer, in full view of the video surveillance camera, and, upon information and belief, absent any exigent circumstances.

### Count II

Plaintiff was subjected to cruel and unusual punishment in violation of the eight amendment of the United States Constitution.

40) Plaintiff incorporates paragraphs 1 through 33 as though they were stated fully herein.

41) Plaintiff claims a violation of his eight amendment right to be free from cruel and unusual punishment when CO John Doe #2 displayed deliberate indifference when he exposed the Plaintiff to the State created danger of sexual assault, and the violations resulting from the group strip search.

42) Plaintiff claims a violation of his eighth amendment right to be free from cruel and unusual punishment when defendant[s] John Doe[s] #'s 3 through 11 displayed deliberate indifference when they neglected to protect the Plaintiff from a State created danger of sexual assault, and violations resulting from the group strip search, and voyeurism.

43) Plaintiff claims a violation of his eighth amendment right to be free from cruel and unusual punishment when defendant CO Jardine displayed deliberate indifference when she neglected to protect the Plaintiff from the State created danger of sexual assault and violations resulting from the group strip search.

44) Plaintiff claims a violation of his eighth amendment right to be free from cruel and unusual punishment when defendant CO John Doe #2 displayed deliberate indifference when he ordered the Plaintiff to strip in full view of the video surveillance camera in which the State created danger of voyeurism, a criminal act, occurred against the Plaintiff.

45) Plaintiff claims a violation of his eighth amendment right to be free from cruel and unusual punishment when defendant Shift Commander, John Doe #1, for second shift displayed deliberate indifference, upon information and belief, consented and approved the use of a group strip search in a non-exigent circumstance, without the use of privacy screens, and in full view of the video surveillance camera, and exposed the Plaintiff to cross gender viewing while failing to protect the Plaintiff from the State created dangers of sexual assault and voyeurism.

46) Plaintiff claims a violation of his eighth amendment right to be free from cruel and unusual punishment when defendant Major Fouts displayed deliberate indifference, upon information and belief, as Head of Security, has the authority to authorize group strip searches, by which defendant Fouts failed to protect the Plaintiff from a State created danger and the criminal act of voyeurism.

47) Plaintiff claims a violation of his eighth amendment right to be free from cruel and unusual punishment when defendant Warden Richard Gerry displayed deliberate indifference to the claims of the Plaintiff and denying the grievance stating that the defendant Fouts did not have enough time to investigate the claims in the IRS sent by the Plaintiff.

48) Plaintiff claims a violation of his eighth amendment right to be free from cruel and unusual punishment when defendant

Director Colon Forbes, displayed deliberate indifference by not thoroughly investigating the events that led to the Plaintiff's rights being violated and not protecting the Plaintiff from a State created danger of sexual assault and failing to follow up on the criminal act of voyeurism.

49) Plaintiff claims a violation of his eighth amendment right to be free from cruel and unusual punishment when defendant Director Colon Forbes, displayed deliberate indifference when he failed to report what are legally considered criminal acts by Corrections Officers to defendant, Attorney General of New Hampshire, Joseph Foster.

50) Plaintiff claims a violation of his eighth amendment right to be free from cruel and unusual punishment when defendant Jean Carrol, PREA Coordinator for the NHSP/M in Concord, displayed deliberate indifference  through not reporting what are legally considered criminal acts by Corrections Officers to defendant, Attorney General of New Hampshire, Joseph Foster.

51) Plaintiff claims a violation of his eighth amendment right to be free from cruel and unusual punishment when defendant Attorney General of New Hampshire ("AG"), Joseph Foster displayed deliberate indifference when he assigned the investigation to defendant Fouts who had made his decision concerning the strip searches.

52) Plaintiff claims a violation of his eighth amendment right to be free from cruel and unusual punishment when defendant Director Kench displayed deliberate indifference, answering the second grievance addressed to the Commissioner. Defendant Kench became aware of officers not performing strip searches in accordance with NHDOC PPDs and 28 U.S.C. 115. As Director of Security and Training, defendant Kench has failed to protect the Plaintiff from a State created danger of sexual assault and the criminal act of voyeurism.

53) Plaintiff claims a violation of his eighth amendment right to be free from cruel and unusual punishment when defendant Governor Maggie Hassan displayed deliberate indifference when upon receiving letters, four (4) over the course of four (4) months, learned of the practices of the NHDOC regarding strip searches. Defendant Hassan failed to protect the Plaintiff from the State created danger of sexual assault and the criminal act of voyeurism by not tasking defendant Foster with investigating and reporting on the claims of the Plaintiff.

**Count III**

Plaintiff was denied equal protection under the fourteenth amendment of the United States Constitution.

54) Plaintiff incorporates paragraphs 1 through 33 as though they were stated fully herein.

55) Plaintiff claims a violation of his fourteenth amendment right to equal protection under the Law when defendant CO John Doe #2 ordered the Plaintiff to strip while in the presence and direct view of other inmates, exposing the Plaintiff to the State created danger of sexual assualt.

56) Plaintiff claims a violation of his fourteenth amendment right to equal protection under the Law when defendant[s] John Doe(s) #'s 3 through 11, in accordance with State and Federal Law, failed to protect the Plaintiff from the State created danger of sexual assault and the criminal act of voyeurism, by allowing a group strip search to occur. Defendant[s] John Doe(s) #'s 3 through 11 knowingly ignored NHDOC policy and failed to protect the Plaintiff, which removes any qualified immunity.

57) Plaintiff claims a violation of his fourteenth amendment right to equal protection under the Law when defendant CO Jardine observed the group strip search and as a female officer, in accordance with State and Federal Law, failed to protect the Plaintiff from the State created danger of sexual assault and the criminal act of voyeurism and cross gender viewing, by allowing  a group search to occur. Defendant Jardine knowingly ignored NHDOC policy and failed to protect the Plaintiff, which removes any qualified immunity.

58) Plaintiff claims a violation of his fourteenth amendment right to equal protection under the Law when defendant CO John Doe #2, in accordance with State and Federal Law failed to protect the Plaintiff from the State created danger of sexual

assault and the criminal act of voyeurism, by ordering the
Plaintiff to strip in the presence and direct view of other
inmates and in full view of a video surveillance camera.
Defendant John Doe #2 knowingly violated and ignored NHDOC policy
and failed to protect the Plaintiff.

59) Plaintiff claims a violation of his fourteenth amendment
right to equal protection under the Law when defendant John
Doe #1, Shift Commander for second shift, in accordance with
State and Federal Law, failed to protect the Plaintiff from
a State created danger of sexual assault, the criminal act of
voyeurism and cross gender viewing of a strip search. By allowing
the group strip search to occur, defendant John Doe #1 knowingly
violated and ignored NHDOC policy and failed to protect the
Plaintiff, which removes any qualified immunity and imposes
supervisor liability.

60) Plaintiff claims a violation of his fourteenth amendment
right to equal protection under the Law when defendant Major
Jon Fouts, in accordance with State and Federal Law, failed
to protect the Plaintiff from a State created danger of sexual
assault, the criminal act of voyeurism, and cross gender viewing
of a strip search. By authorizing the group strip, defendant
Fouts knowingly and willingly violated State and Federal Law
and ignored NHDOC policy, failing to protect the Plaintiff,
which removes any qualified immunity and imposes Supervisor
liability.

61) Plaintiff claims a violation of his fourteenth amendment
right to equal protection under the Law when defendant Jean
Carrol, PREA Coordinator, did not follow protocol as set forth
in 28 U.S.C. 115 and the NHDOC PPD #5.19 to investigate any
and all allegations of sexual misconduct, such as Staff-on-
offender voyeurism, and to report the finding of those
allegations to the appropriate authorities and the victim, which
is the Plaintiff in this case.

62) Plaintiff claims a violation of his fourteenth amendment
right to equal protection under the Law when defendant AG Joseph
Foster, upon receiving a letter from the Plaintiff, neglected
his duty to protect citizens of the State of New Hampshire and
assign an independent investigations team to follow up on the
claim of the Plaintiff. Defendant failed to protect the Plaintiff
when he assigned defendant Fouts to investigate an incident
in which he was personally involved.

63) Plaintiff claims a violation of his fourteenth amendment
right to equal protection under the Law when defendant Kench,
by replying to the grievance addressed to the Commissioner in
the negative, neglected to ensure that all officers, corrections
line staff, support staff, non-prison admisnistrators/managers,
Commissioner, Assistant Commissioner, and Division Directors
are properly trained in all Policy and Procedure Directives,
as each is required, in accordance with specifically PPD #4.01,

"Department of Corrections Training Program", PPD #2.16 "Rules and Guidance for DOC Employees", PPD #5.19 "Searches and Inspections", PPD #7.30 "Safeguarding of residents in Departmental Facilities", and PPD #1.17 "Agency Mission". Defendant Kench failed to protect the Plaintiff through the training and testing of NHDOC personnel of the proper policies and procedures that are in place to protect the residents.

64) Plaintiff claims a violation of his fourteenth amendment right to equal protection under the Law when defendant Governor Maggie Hassan, upon receiving four letters from the plaintiff concerning the practices of group strip searches at the Prison in Concord, failed to authorize investigations into  the claims against the NHDOC, an agency under the direct authority of the Executive Branch, of which defendant Hassan is head as Governor.

## Count IV

Plaintiff was denied due process under the fourteenth amendment of the United States Constitution.

65) Plaintiff incorporates paragraphs 1 through 33 as though they were stated fully herein.

66) Plaintiff claims a violation of his fourteenth amendment right to due process when defendant Warden Gerry violated Federal Postal Laws by intercepting and responding to a grievance sent to defendant Commissioner Wrenn. This grievance was sent by the Plaintiff in a sealed, stamped envelope with U.S. postage

affixed and addressed to the Commissioner at his office.

67) Plaintiff claims a violation of his fourteenth amendment right to due process when defendant CO John/Jane Doe #12 violated Federal Postal Laws by rerouting the Plaintiff's letter addressed to the Commissioner in a sealed, Stamped envelope to defendant Gerry.

68) Plaintiff claims that as a ward of the NHDOC under the headship of defendant Commissioner William Wrenn, defendant Wrenn is legally responsible for all violations mentioned herein as well as the actions and omissions of those under his authority.

69) Plaintiff claims that as a citizen of the State of New Hampshire under the jurisdiction  of the NHDOJ with defendant Attorney General Joseph Foster as Head, defendant Foster is legally responsible for all violations mentioned herein as well as the actions and omissions of those under his authority.

70) Plaintiff claims that as a ward of the NHDOC and a citizen of the State of New Hampshire under the jurisdiction of the NHDOJ, both of which are under the authority of the Executive Branch and office of the Governor under the headship of defendant Governor Maggie Hassan, defendant Hassan is legally responsible for all violations mentioned herein as well as the actions and omissions of those under her authority.

71) The Plaintiff has no plain, adequate, or complete remedy at Law to redress the wrongs described herein. Plaintiff has been irreparably injured by the conduct of the defendants and unless this Court grants declaratory and injunctive relief which the Plaintiff seeks.

72) The Plaintiff does not argue the need for strip searches, nor does he argue that as an inmate some, but not all, of his rights are diminished. The Plaintiff's argument is about the manner in which the strip search was carried out.

73) Upon information and belief, at the time of the violations, there was no ongoing emergency situation that would necessitate the need for a group strip search, which, if there had been, the Plaintiff would not argue also, as this would bring a need to overlook Prisoner/inmate rights in the best interests of the institution.

74) According to PPD #4.01 entitled "Department of Corrections Training Program", all staff which include all officers, Corrections line staff, non-prison administrators/ managers, Commissioner, Assistant Commissioner, and Division Directors, are properly trained in accordance with Part IV Sub section (O) and subsection (P) of the aforementioned PPD, and all recurrent training, which includes computer based training through the NHDOC "MOODLE" system is to be kept current in

accordance with attachment # 2 of PPD #4.01. Therefore the
Plaintiff believes that none of the defendant have qualified
immunity.

## Prayer for Relief

75) Wherefore, the Plaintiff respectfully prays that this
Court enter judgment granting Plaintiff:

76) Declaration that the acts and omissions described herein
violated the Plaintiff's rights under the Constitution of the
United States;

77) A preliminary and permanent injunction ordering
defendants Wrenn, Gerry, and Fouts ensure that those under their
authority perform their duties in accordance with State and
Federal Laws and NHDOC PPDs as described herein;

78) That defendants Foster and Carrol perform their duties
in the manner prescribed with State and Federal Law, to include
investigating claims of sexual misconduct and State created
danger of sexual assaults;

79) That defendants John Doe #'s 1 through 12 perform their
duties in a professional manner in accordance with NHDOC PPDs
and State and Federal Law, which includes protecting inmates
under department control;

80) That defendant Wrenn ensure that each institution under NHDOC control have the appropriate privacy screens available for use with large functions where the numbers of inmates to be searched exceeds ten (10) and to have these searches done out of the view of video surveillance cameras;

81) That defendant Hassan, who is signing certifier for compliance with PREA standards under 28 U.S.C. 115, ensure that those under her and all successive elected Governors, are in compliance with and operating within the scope of Federal and State Laws;

82) Punitive damages in the amount of $ *275,000*   against each defendant;

83) A jury trial on all issues triable by Jury;

84) Plaintiff's cost in this suit;

85) Any additional relief this Court deems just, proper and equitable.

Dated *10/30/15*

Respectfully submitted


Timothy Beers #95449
P.O. Box 14
Concord, N.H. 03302-0014

**Verification**

I have read the foregoing complaint and pursuant to 28 U.S.C. §1746, I hereby declare and verify that the matters alleged therein are true and correct, except as to matters alleged on information and belief, and as to those I believe them to be true.

I certify under penalty of perjury that the foregoing is true and correct.

Executed at Concord, New Hampshire

on Date _10/30/15_

_Timothy Beers_
Timothy Beers

## List of exhibits

1) P.P.D. 1.17
2) P.P.D. 2.16
3) P.P.D. 4.01
4) P.P.D. 5.19
5) Grievance Policy and Procedures
6) Inmate request slip to Major
7) Grievance form to Warden
8) Grievance form to Commissioner (intercepted by Warden)
9) Holiday event form
10) Grievance form to Commissioner
11) Inmate request slip to Mental Health
12) Letter sent to Governor Maggie Hassan
13) Notice audit

 

*Working to establish a common ground through positive communication on issues regarding the rehabilitation*

To: All Inmates

# Grievance Policy and Procedures

- **Step One-**
  - o   you must first seek to resolve your issue, via an Inmate Request Form, with the lowest level staff whom can deal with said issue, **only one issue can be addressed per request**
  - o   the issue at hand must be specifically detailed to include your name ID#, time, dates, staff involved, witnesses, and the requested resolution you seek all, to be included on the Inmate Request Slip to allow for proper investigation
  - o   this step must be done within 30-calendar days of incident, unless a waiver is requested which will only be granted if the inmate can prove an identifiable risk of fear of physical or psychological harm
  - o   15-working days must be allowed for a proper response and an additional 15-days may be granted to allow for investigation/response
- **Step Two-**
  - o   if your request to resolve issue is not met then a Grievance Form may be filled out to the Warden
  - o   the issue at hand must be specifically detailed to include your name ID#, time, dates, staff involved, witnesses, and the requested resolution you seek, all to be included on the Grievance Form to allow for proper investigation to include a copy of the request slip to prove that the proper procedures were followed
  - o   Grievance must be filed within 30-days of the response to the request slip, unless a waiver is requested which will only be granted if the inmate can prove that they were physically unable to file grievance or were separated from documents due to extended transport
  - o   30-days must be allowed for the warden to respond to grievance and an additional 15-days if needed to investigate issue/respond
- **Step Three-**
  - o   if your Grievance is denied you may file for an appeal using the Grievance form to the Commissioner
  - o   the issue at hand must be specifically detailed to include your name ID#, time, dates, staff involved, witnesses, and the requested resolution you seek, all to be included on the Grievance Form/Appeal to allow for proper investigation to include a copy of the request slip & Grievance form to prove that the proper procedures were followed
  - o   Appeal must be filed within 30-days of the response to the Grievance form, unless a waiver is requested which will only be granted if the inmate can prove that they were physically unable to file grievance or were separated from documents due to extended transport
  - o   30-days must be allowed for the warden to respond to grievance and an additional 30-days if needed to investigate issue/respond

_Exibit #6_

## INMATE REQUEST SLIP

RECEIVED

Submit this request to the Unit Supervisor, Security Lieutenant, or CC/CM. Your Unit Supervisor, Security Lieutenant, or CC/CM will help you resolve the issue or it will be forwarded to the appropriate person. Unit Supervisor, Security Lieutenant, or CC/CM will be forwarded to you.

JAN 13 2015

NHSP/SM SECURITY

**TO:** Unit Supervisor, Security Lieutenant, CC/CM   DATE: _1-13-15_

**FROM:** _Beers_ _Tim_   ID #: _95449_

Last Name          First Name          Middle Initial

_N.H.S.P._   _HA_   _3B_   _B_

Facility          Housing Unit          Cell          Work/Shift

**INMATE REQUEST:** _I would like to know why th1 after our Christmas party on Dec 18 around 9:35 pm we were Striped out all together this made me very worried and what really upset me was when the female C.O. was standing at the top of the stars watching_   _Thank You_

(If you need more space, use plain paper.)   _Inmate Signature_

**TO:** _Major Foust_   **DATE:** _1-13-15_

**FROM:** Unit Supervisor, Security Lieutenant or CC/CM

**REMARKS:** _Quiet inmate — last D-Report 6/17/11 50.B._

_A.J. Mara_ _1/14/15_
_Staff Signature_

*************************************************************

**FROM:** _Maj. Fonts_   **DATE:** _January 20, 2015_

Staff Member Name/Office

**REMARKS:** _① I have been reassured by supervisors on duty and the one scheduled female officer that no female officers were present during strips. ② The concerns articulated from this event has prompted us to reevaluate group search practices for the future._

_Maj. Fonts_
Staff Signature

_CC/File_

**Received By** _____

_Inmate Signature_

White - Office Records Office          Yellow - Inmate          Pink - Staff          SP-014 (a) Rev. 11/06

# INSTRUCTIONS

This form will be used by inmates of the New Hampshire Department of Corrections Facilities in Concord, Lakes Region, Goffstown, Berlin and Community Corrections Centers to communicate requests/issues to members of the Department of Corrections staff. Inmates serving sentences at other than New Hampshire State Prison Facilities may use stationery rather than inmate request slips.

The Yellow and White copies will be returned to you with a response. You must acknowledge receiving this response by signing the White original, which will then be returned to Offender Records for storage in archives for 3 years, after which it will be destroyed.

**The Yellow copy is YOUR copy. Please keep this for your records. This is your receipt of the request.**

Distribution of copies of this form: Give ALL copies to the Unit Supervisor, Security Lieutenant, or CC/CM.

# ADDRESS YOUR REQUEST AS FOLLOWS

Give all requests to your Unit Supervisor, Security Lieutenant, or CC/CM for prompt attention.

Strictly Confidential Requests may be placed in a sealed envelope and addressed to the appropriate staff member or Office(Commissioner, Warden, Bureau Administration, Investigations). If it is determined that your request could have been handled by a different party, it will be returned to your Unit Supervisor, Security Lieutenant, or CC/CM.

# IMPORTANT

**DO NOT** send requests written on other forms/paper. You **MUST USE THIS FORM** when communicating with staff. Other written forms will be returned unanswered.



# GRIEVANCE FORM
(See Reverse For Instructions)

DEPARTMENT OF CORRECTIONS
STATE OF NEW HAMPSHIRE
P.O. BOX 14
CONCORD, NEW HAMPSHIRE  03302

JOHN H. LYNCH
GOVERNOR

STEPHEN J. CURRY
COMMISSIONER

1.  Date: _____

2.  **GRIEVANT:** _____   3.  Number: _____
4.  Address: _____
5.  Brief Description of Grievance: _____

_____

_____

_____

_____

Signature: _____

(You will be penalized if statement is untrue)

(Use Attachments if necessary.)

---

To:   **DIRECTOR** (Warden)                     Date of Director's Action: 1/20/15

Director's Action: You submitted an I.R.S on 1/13/15
to Trqoo Foote on this very topic.
Filing a grievance 4 days later (after the IRS)
did not allow for a response to be returned.
On 1/20/15 Trqoo Foote replied and addressed the
issue. Grievance is brief.                Authentication: _____

To:   **COMMISSIONER**                          Date of Commissioner's Action: _____

Commissioner's Action: _____

_____

_____

_____

_____

Authentication: _____

(FORWARD ALL THREE COPIES.  WHITE WILL BE FILED IN OFFENDER RECORDS, CANARY TO RESPONDER
AND PINK TO GRIEVANT.)

SP-52

## INSTRUCTIONS FOR USE OF GRIEVANCE FORM

1. Fill in date sent.

2. Fill in your name.

3. Fill in your number; for prisoners, and parolees your prison number; for probationers your social security number or driver's license number.

4. Prisoners fill in your housing assignment; others your mailing address.

5. Briefly describe your grievance. Use additional blank pages or attachments if necessary. Provide enough information so that the recipient can understand the problem.

6. Sign the form. You are cautioned that if investigation of your grievance discloses that you were untruthful or misrepresented the facts, you will be disciplined for that violation.

7. The form MUST be sent to the Warden if you are a prisoner. Parolees and probationers MUST send the form to the Director of Field Services. The Warden or Director of Field Services will respond within fifteen (15) working days of receipt of the form. If resolution or investigation will take longer than 15 days, you will be provided an interim reply.

8. If the response from the Warden or the Director of Field Services does not resolve the issue satisfactorily, you may then file the grievance with the Commissioner. The Commissioner will respond within twenty (20) days with a final or interim reply.

9. Prisoners MUST use request slips to attempt to resolve issues prior to submitting a grievance. Grievances will not be accepted unless it is demonstrated that request slips have not worked or unless the grievance is a bonafide emergency or life-threatening situation. Attempts to by-pass the request slip system will simply be returned without action unless the grievance clearly shows earlier attempts to use the request slip system or that the situation is a bonafide emergency or life-threatening.

10. Grievances sent to the Commissioner by prisoners without evidence of the Warden's earlier action will be returned without action.

11. The grievance form may be used for second level appeals of disciplinary board results at the prison if the original appeal on a request slip was rejected in whole or in part under the following rules:

     a. Only two types of appeals are grievable: (a) allegations of procedural violations stating what procedural or process errors were made; or, (b) allegations of sentence disproportionateness alleging that the sentence was excessive and stating the reasons why.

     b. Questions relating to guilt or innocence or insufficiency or invalidity of evidence are NOT grievable at the second level (but they may be appealed at the first level on a request slip).

     c. Minor board results may be appealed to the Administrator of Security on a request slip. If the Administrator's response does not satisfy the inmate he may appeal to the Warden on a grievance form. The Warden's response on a minor board is final.

     d. Major board results may be appealed to the Warden on a request slip. If the Warden's response does not satisfy the inmate he may appeal to the Commissioner on a grievance form. The Commissioner's response on a major board is final.

     e. Appeals must state clearly what is being appealed and the reasoning upon which the appeal is based.



# GRIEVANCE FORM
### (See Reverse For Instructions)

DEPARTMENT OF CORRECTIONS
STATE OF NEW HAMPSHIRE
P.O. BOX 14
CONCORD, NEW HAMPSHIRE  03302

JOHN H. LYNCH
GOVERNOR

**RECEIVED**
FEB 0 9 2015
STEPHEN J. CURRY
WARDEN/COMMISSIONER'S OFFICE

2.   **GRIEVANT:** _Timothy Lewis_            1.   Date: _1-29-15_
4.   Address: _NHSP, H-2_                      3.   Number: _15-441_
5.   Brief Description of Grievance: _____

_____

_____

_____

_____

_____

_____

Signature: _____

(You will be penalized if statement is untrue)

(Use Attachments if necessary.)

---

To:   **DIRECTOR** (Warden)               Date of Director's Action: _____

Director's Action: _____

_____

_____

_____

_____

Authentication: _____

---

To:   **COMMISSIONER**                    Date of Commissioner's Action: _____

Commissioner's Action: _____

_____

_____

_____

_____

_____

Authentication: _____

(FORWARD ALL THREE COPIES.  WHITE WILL BE FILED IN OFFENDER RECORDS, CANARY TO RESPONDER AND PINK TO GRIEVANT.)

SP-52

## INSTRUCTIONS FOR USE OF GRIEVANCE FORM

1. Fill in date sent.

2. Fill in your name.

3. Fill in your number; for prisoners, and parolees your prison number; for probationers your social security number or driver's license number.

4. Prisoners fill in your housing assignment; others your mailing address.

5. Briefly describe your grievance. Use additional blank pages or attachments if necessary. Provide enough information so that the recipient can understand the problem.

6. Sign the form. You are cautioned that if investigation of your grievance discloses that you were untruthful or misrepresented the facts, you will be disciplined for that violation.

7. The form MUST be sent to the Warden if you are a prisoner. Parolees and probationers MUST send the form to the Director of Field Services. The Warden or Director of Field Services will respond within fifteen (15) working days of receipt of the form. If resolution or investigation will take longer than 15 days, you will be provided an interim reply.

8. If the response from the Warden or the Director of Field Services does not resolve the issue satisfactorily, you may then file the grievance with the Commissioner. The Commissioner will respond within twenty (20) days with a final or interim reply.

9. Prisoners MUST use request slips to attempt to resolve issues prior to submitting a grievance. Grievances will not be accepted unless it is demonstrated that request slips have not worked or unless the grievance is a bonafide emergency or life-threatening situation. Attempts to by-pass the request slip system will simply be returned without action unless the grievance clearly shows earlier attempts to use the request slip system or that the situation is a bonafide emergency or life-threatening.

10. Grievances sent to the Commissioner by prisoners without evidence of the Warden's earlier action will be returned without action.

11. The grievance form may be used for second level appeals of disciplinary board results at the prison if the original appeal on a request slip was rejected in whole or in part under the following rules:

    a. Only two types of appeals are grievable: (a) allegations of procedural violations stating what procedural or process errors were made; or, (b) allegations of sentence disproportionateness alleging that the sentence was excessive and stating the reasons why.

    b. Questions relating to guilt or innocence or insufficiency or invalidity of evidence are NOT grievable at the second level (but they may be appealed at the first level on a request slip).

    c. Minor board results may be appealed to the Administrator of Security on a request slip. If the Administrator's response does not satisfy the inmate he may appeal to the Warden on a grievance form. The Warden's response on a minor board is final.

    d. Major board results may be appealed to the Warden on a request slip. If the Warden's response does not satisfy the inmate he may appeal to the Commissioner on a grievance form. The Commissioner's response on a major board is final.

    e. Appeals must state clearly what is being appealed and the reasoning upon which the appeal is based.

*Exhibit 9*

# 2015 NHSP-CONCORD
# HOLIDAY EVENT FORM

Inmate Name: _____  ID#_____  Unit:_____

Event Date: _____

| | | |
|---|---|---|
| South, Dorms, Inf ,Rtu | 12/12 | 1:00 to 3:45PM |
| North, Dorms | 12/13 | 1:00 to 3:45PM |
| Snow Date-SPU | 12/14 | 1:00 to 3:45PM |
| H-Bld C pod + D pod | 12/15 | 6:00 to 8:45PM |
| H-Bld B&E | 12/16 | 6:00 to 8:45PM |
| H-Bld A&F | 12/17 | 6:00 to 8:45PM |
| South | 12/19 | 1:00 to 3:45PM |
| North | 12/20 | 1:00 to 3:45PM |

## List Approved Visitors Only 2 Adults & 4 Children

Adult #1                                    Adult #2

Name of visitor: _____    Name of Visitor: _____

Relationship: _____    Relationship: _____

## Children (Under 18 Years of Age),

Child #1                                    Child #2

Name of visitor: _____    Name of Visitor: _____

Relationship: _____    Relationship: _____

Age: _____    Age: _____

Child #3                                    Child #4

Name of visitor: _____    Name of visitor: _____

Relationship: _____    Relationship: _____

Age: _____    Age: _____

By Submitting this request to attend the Holiday event, I understand that I will be required to be stripped out in a group setting in front of other inmates and male staff members. I further understand that the Holiday Event with family is a privilege and not a right and that if I refuse to agree to be stripped out in a group setting that it could be reason enough to deny my request to attend a holiday event.

## Submit to the Recreation Department by: Friday, November 13th, 2015

Exhibit #10



# GRIEVANCE FORM
### (See Reverse For Instructions)

DEPARTMENT OF CORRECTIONS
STATE OF NEW HAMPSHIRE
P.O. BOX 14
CONCORD, NEW HAMPSHIRE 03302

RECEIVED

FEB 1 9 2015

NH DOC
COMMISSIONER'S OFFICE

JOHN H. LYNCH
GOVERNOR

STEPHEN J. CURRY
COMMISSIONER

1. Date: _____

2. **GRIEVANT:** _____   3. Number: _____

4. Address: _____

5. Brief Description of Grievance: _____
_____
_____
_____
_____
_____
_____
_____
_____

Signature: _____
(You will be penalized if statement is untrue)

(Use Attachments if necessary.)

To:   **DIRECTOR** (Warden)                    Date of Director's Action: _____

Director's Action: _____
_____
_____
_____
_____
_____
_____
_____

Authentication: _____

To:   **COMMISSIONER**              Date of Commissioner's Action: 2/24/15

Commissioner's Action: We support the Wardens response.
Your Grievance is denied.

Authentication: _____

(FORWARD ALL THREE COPIES. WHITE WILL BE FILED IN OFFENDER RECORDS, CANARY TO RESPONDER
AND PINK TO GRIEVANT.)

SP-52

## INSTRUCTIONS FOR USE OF GRIEVANCE FORM

1. Fill in date sent.

2. Fill in your name.

3. Fill in your number; for prisoners, and parolees your prison number; for probationers your social security number or driver's license number.

4. Prisoners fill in your housing assignment; others your mailing address.

5. Briefly describe your grievance. Use additional blank pages or attachments if necessary. Provide enough information so that the recipient can understand the problem.

6. Sign the form. You are cautioned that if investigation of your grievance discloses that you were untruthful or misrepresented the facts, you will be disciplined for that violation.

7. The form MUST be sent to the Warden if you are a prisoner. Parolees and probationers MUST send the form to the Director of Field Services. The Warden or Director of Field Services will respond within fifteen (15) working days of receipt of the form. If resolution or investigation will take longer than 15 days, you will be provided an interim reply.

8. If the response from the Warden or the Director of Field Services does not resolve the issue satisfactorily, you may then file the grievance with the Commissioner. The Commissioner will respond within twenty (20) days with a final or interim reply.

9. Prisoners MUST use request slips to attempt to resolve issues prior to submitting a grievance. Grievances will not be accepted unless it is demonstrated that request slips have not worked or unless the grievance is a bonafide emergency or life-threatening situation. Attempts to by-pass the request slip system will simply be returned without action unless the grievance clearly shows earlier attempts to use the request slip system or that the situation is a bonafide emergency or life-threatening.

10. Grievances sent to the Commissioner by prisoners without evidence of the Warden's earlier action will be returned without action.

11. The grievance form may be used for second level appeals of disciplinary board results at the prison if the original appeal on a request slip was rejected in whole or in part under the following rules:

    a. Only two types of appeals are grievable: (a) allegations of procedural violations stating what procedural or process errors were made; or, (b) allegations of sentence disproportionateness alleging that the sentence was excessive and stating the reasons why.

    b. Questions relating to guilt or innocence or insufficiency or invalidity of evidence are <u>NOT</u> grievable at the second level (but they may be appealed at the first level on a request slip).

    c. Minor board results may be appealed to the Administrator of Security on a request slip. If the Administrator's response does not satisfy the inmate he may appeal to the Warden on a grievance form. The Warden's response on a minor board is <u>final</u>.

    d. Major board results may be appealed to the Warden on a request slip. If the Warden's response does not satisfy the inmate he may appeal to the Commissioner on a grievance form. The Commissioner's response on a major board is <u>final</u>.

    e. Appeals must state clearly what is being appealed and the reasoning upon which the appeal is based.

*Exibit # 11*

## INMATE REQUEST SLIP

Submit this request to the Unit Supervisor, Security Lieutenant, or CC/CM. Your Unit Supervisor, Security Lieutenant, or CC/CM will help you resolve the issue or it will be forwarded to the appropriate person. Unit Supervisor, Security Lieutenant, or CC/CM will be forwarded to you.

TO:  Unit Supervisor, Security Lieutenant, CC/CM          DATE: 5-5-15

FROM: Beers               Tim                                ID #: 95449
     Last Name          First Name          Middle Initial

N.H.S.P.          H A          3 B          B
  Facility          Housing Unit          Cell          Work/Shift

INMATE REQUEST: After we Talked, and I showed you How The CO's Here in H Building changed The destination Of The Last Request. I was wondering if you did schedule an appointment for me to see you Thank you

(If you need more space, use plain paper.)
                                     Inmate Signature

TO: Mrs Green    mental Health                  DATE: 5.5-15

FROM: Unit Supervisor, Security Lieutenant or CC/CM

REMARKS: _____

                                      Staff Signature

*********************************************************************************

FROM: _____ Green          DATE: 5/6/2015
  Staff Member Name/Office

REMARKS: Hi Mr Beers —
I hope your hearing and filter arrived so that you will be able to attend Group. Ms Haley referred you to anxiety group (Mr Zahn is her contact) I had suggested depression group. You can attend those additionally MH Sick call is available to touch in. (I do not have any available individual session time at this time.)

                                    Staff Signature

Received By _____
                                    Inmate Signature

## INSTRUCTIONS

This form will be used by inmates of the New Hampshire Department of Corrections Facilities in Concord, Lakes Region, Goffstown, Berlin and Community Corrections Centers to communicate requests/issues to members of the Department of Corrections staff.  Inmates serving sentences at other than New Hampshire State Prison Facilities may use stationery rather than inmate request slips.

The Yellow and White copies will be returned to you with a response.  You must acknowledge receiving this response by signing the White original, which will then be returned to Offender Records for storage in archives for 3 years, after which it will be destroyed.

**The Yellow copy is YOUR copy.  Please keep this for your records.  This is your receipt of the request.**

Distribution of copies of this form:  Give ALL copies to the Unit Supervisor, Security Lieutenant, or CC/CM.

---

## ADDRESS YOUR REQUEST AS FOLLOWS

Give all requests to your Unit Supervisor, Security Lieutenant, or CC/CM for prompt attention.

Strictly Confidential Requests may be placed in a sealed envelope and addressed to the appropriate staff member or Office(Commissioner, Warden, Bureau Administration, Investigations).  If it is determined that your request could have been handled by a different party, it will be returned to your Unit Supervisor, Security Lieutenant, or CC/CM.

---

## IMPORTANT

**DO NOT** send requests written on other forms/paper.  You **MUST USE THIS FORM** when communicating with staff.  Other written forms will be returned unanswered.

*Exibit #12*

To MaggieHassin Governor of New Hampshire

I am writing to you today , To inform you about a very serrious matter
That happened at Concord State Prison. On Dec.182014.  While at the Christmas party
in the gym.
As we were getting ready to head back to our unit, We were all strip searched
right there on the gym floor! With video camra's focused on the gym, No privacy
blinds And a female officer satnding at the top of the stairs watching 50+
inmates strip down , bend over and cough, next to other inmates.
This was very Degradingand humilating experancethat should not have happened.
Also it is against the law. And here are the amendments that were broken during
this search, (1st,4th,8th,14)
Also you can search a case (Mcbean vs. City on New York)
Case # 02-Civ.-05426.  We Have contacted the AG office. But we have not head back yet.
Can you please look into this matter? And let us know what is going on and what
will be happening about this serrious matter.

Thank you for your time,
Timothy Beers 95449

Date Posted:  8/24/15

# NOTICE

# THIS AGENCY IS UNDERGOING A PRISON RAPE ELIMINATION ACT (PREA) COMPLIANCE AUDIT

☐ **New Hampshire State Prison for Men** will be audited to determine compliance with the U.S. Department of Justice's PREA Standards for Prisons and Jails.

☐ Information relevant to this agency's compliance with the U.S. Department of Justice's PREA standards should be submitted at least 10 working days prior to the audit.

☐ The PREA Auditor will be at the facility to conduct the audit on **October 5 -7, 2015**

☐ Please send all written materials or comments to:

**Address:**   **William Willingham**
**Certified PREA Auditor**
**11820 Parklawn Drive, Suite 240**
**Rockville, MD 20852**

Timothy Beers 95449                                            10/30/15
P.O. Box 14
Concord, N.H. 03302                     U.S. DISTRICT COURT
                                          DISTRICT OF N.H
                                              FILED

Dear Sir or Madam,             2015 NOV -3 A II: 09

        Can you please send me a copy of the lawsuit that I have
just forwarded to you? I have tried to get copies at the Law
Library on two different occasions this week. You will also
notice that P.P.D.'s 1.17, 2.16, 4.01, and 5.19 are not enclosed.
The reason for this is that I don't have any money in my account,
and the Librarian has prohibited me from making copies because
of the lack of funds, as well as hindering me by not allowing
me extra time to do research.

        In addition, can you please send me a copy of the United
States District Court of New Hampshire Pro se civil litigation/
habeas corpus guide, and any other material that I might need,
including Federal rules of evidence.



Thank you for your time,
Sincerely,

*[signature]*

Timothy Beers 95449
P.O. Box 14
Concord, N.H. 03302