UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Timothy Beers

   v.                                            Civil No. 15-cv-454-SM

New Hampshire Governor Maggie Hassan et al.[1]

**REPORT AND RECOMMENDATION**

Timothy Beers, an inmate at the New Hampshire State Prison ("NHSP"), has filed a complaint (doc. no. 1) pursuant to 42 U.S.C. § 1983 alleging that the defendants, acting in their individual and official capacities, have violated his Fourth, Eighth, and Fourteenth Amendment rights. Beers's complaint is

---

[1] In his complaint (doc. no. 1) plaintiff names the following state officers and employees as defendants in this action, in both their individual and official capacities: Governor Maggie Hassan; Attorney General Joseph Foster; Department of Corrections ("DOC") Commissioner William Wrenn; DOC Director of Security and Training Standards Christopher Kench; DOC Director of Investigations Colon Forbes; former New Hampshire State Prison ("NHSP") Warden Richard Gerry; NHSP Director of Prison Rape Elimination Act Standards Jean Carroll; NHSP Maj. Jon Fouts; NHSP Corrections Officer K. Jardine; an unnamed NHSP male Shift Commander, December 18, 2014, second shift ("John Doe 1"); an unnamed NHSP male corrections officer, December 18, 2014, second shift, who ordered plaintiff and others to strip for a group strip search ("John Doe 2"); nine unnamed NHSP male corrections officers, December 18, 2014, second shift, who were present during the group strip search ("John Does 3-11"); and an unnamed NHSP corrections officer, second shift H-Building, responsible for sorting outgoing mail ("John/Jane Doe 12").

before the court for preliminary review, see 28 U.S.C. § 1915A(a); LR 4.3(d)(1), and for consideration of the request for preliminary injunctive relief therein.

## Standard

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

Beers has alleged that, at the NHSP, the Recreation Department organizes an annual Christmas Holiday Event for inmates and their families. Inmates apply to attend with their families, and if certain criteria are met, the inmate applicants are allowed to attend.

Beers asserts that he and a group of approximately fifty inmates from his unit attended the 2014 NHSP Holiday Event on December 18, 2014, in the NHSP gymnasium. At the end of the event, family members were escorted out of the building, while

the inmates stayed behind.

Beers alleges that ten corrections officers remained with the inmates, including one female corrections officer ("C.O."), K. Jardine.  Beers further alleges that Maj. Jon Fouts was also present in the gymnasium at that time.  An unnamed male corrections officer ("John Doe 1") ordered the inmates to strip down for a "group visual body cavity search."  No privacy screens were set up.  Beers alleges that he had to strip down along with seven other inmates, near other groups of inmates waiting their turn to be strip-searched.  The inmates were compelled to strip, bend over, and cough in full view of one another, in the presence of about ten corrections officers, including Jardine.  A continuously operating video surveillance camera was trained on the area where the inmates were searched and, Beers believes, the group strip search was displayed on monitors connected to that camera.

Beers filed an inmate request slip about the incident in January 2015.  Fouts answered Beers's inquiries, stating that in light of concerns that had been raised about the group search, NHSP officials had been prompted to reevaluate that practice for future events.  Fouts's response further stated that supervisors had assured Fouts that no female officers had been present during the group strip search.

3

Beers sent a grievance addressed to New Hampshire Department of Corrections ("DOC") Commissioner Wrenn, which Warden Richard Gerry answered. Gerry denied the grievance, stating that Fouts had addressed Beers's issue, and that changes in their practices would be made "as necessary" for the 2015 Holiday event. Beers appealed to the DOC Commissioner, and Christopher Kench, DOC Director of Security and Training Standards, denied that grievance, stating that the Commissioner's office supported the Warden's response. Beers then contacted New Hampshire Attorney General Joseph Foster and Governor Maggie Hassan. Beers alleges that Attorney General Foster replied by stating that he was turning the investigation over to Maj. Fouts, and that Governor Hassan never replied to Beers's letter.

Attached to the complaint is a copy of the form inmates used to apply to attend the 2015 Holiday Event. See Doc. No. 1, at 34. At the bottom of the form appears the following disclaimer:

> By submitting this request to attend the Holiday event, I understand that I will be required to be stripped out in a group setting in front of other inmates and male staff members. I further understand that the Holiday Event with family is a privilege and not a right and that if I refuse to agree to be stripped out in a group setting that it could be reason enough to deny my request to attend a holiday event.

**Discussion**

I. **Strip Search Claims**

    A.   <u>Eighth Amendment Endangerment</u>

"'[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.'" <u>Giroux v. Somerset Cty.</u>, 178 F.3d 28, 32 (1st Cir. 1999) (citations omitted). An Eighth Amendment claim challenging the conditions of a prisoner's confinement has an objective and subjective component. <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). To satisfy the objective component of a prison conditions claim, the deprivations alleged must be "extreme." <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992). The subjective component of an Eighth Amendment claim requires the plaintiff to demonstrate that the prison officials acted with deliberate indifference to the plaintiff's health or safety. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

Nothing in the facts asserted by plaintiff gives rise to a reasonable inference that the December 2014 group strip search presented a substantial risk of serious harm to Beers. Beers alleges facts showing that the strip search occurred in the

presence of numerous officers and a video surveillance camera. Beers has not alleged any facts suggesting that any officer was deliberately indifferent to a substantial risk that inmates who stripped together could harm each other.

Therefore, the facts asserted do not support an allegation that any defendant acted with deliberate indifference to Beers's health or safety. Accordingly, Beers's Eighth Amendment endangerment claim should be dismissed.

B.   Eighth Amendment Humiliation

Beers asserts that the strip search to which he was subjected violated his rights under the Eighth Amendment. "A prisoner states a claim under the Eighth Amendment when he plausibly alleges that the strip search in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security." King v. McCarty, 781 F.3d 889, 897 (7th Cir. 2015).

Beers has alleged facts suggesting that the strip search was motivated by the inmates having just completed a contact visit with their families, en masse. Beers does not allege any behavior on the part of any officer suggesting that the group search was undertaken for any improper purpose, or with an intent to harass or humiliate Beers or any other inmate. Beers's allegations concerning the circumstances surrounding the

strip search are insufficient to demonstrate that they were "conducted in a harassing manner intended to humiliate and cause psychological pain." Id.  Accordingly, the facts asserted are insufficient to support an Eighth Amendment claim arising out of the strip search, and that claim should be dismissed.

    C.    Fourteenth Amendment Equal Protection

Beers asserts that the strip search and other actions of defendants violated his equal protection rights.  Nothing alleged by Beers, however, suggests that he was treated differently than any other similarly situated inmate.  Moreover, the allegations regarding the incident, and the response of supervisory personnel to Beers's grievances relating to whether a female guard had been permitted to view the search, do not give rise to a reasonable inference that Beers was subjected to any equal protection violation, including the type of sexual harassment that has been deemed actionable, outside of the prison context, under the Equal Protection Clause.  See, e.g., Lipsett v. Univ. of P.R., 864 F.2d 881, 897-98 (1st Cir. 1988) (discussing elements of sexual harassment claims under Title IX and Equal Protection Clause).  Accordingly, Beers's equal protection claims should be dismissed.

    D.    Fourth Amendment Claims for Damages

Beers asserts that the group strip search violated his

Fourth Amendment right to be protected from unreasonable searches and seizures, in that it occurred in the presence of other inmates, male corrections officers, and Maj. Fouts, in full view of a continuously operating video surveillance camera, and in the presence of a female corrections officer.  Beers has alleged sufficient facts to survive preliminary review of his Fourth Amendment claims, to allow this claim to proceed against Maj. Fouts, C.O. Jardine, the unnamed male C.O. who ordered the inmates to strip (John Doe 2), and the unnamed male Shift Commander (John Doe 1) who authorized the use of a group strip search with Jardine present, in a non-exigent circumstance, without privacy screens, in full view of a surveillance camera, in view of other male officers and inmates.  Accordingly, in an Order issued simultaneously with this Report and Recommendation, the court directs service of this claim upon Jardine, Fouts, and John Does 1 and 2, in their individual capacities.

    E.    <u>Fourth Amendment Claim for Injunctive Relief</u>

In his complaint, Beers has included a request for prospective preliminary and permanent injunctive relief. Specifically, he seeks an order from this court directing each defendant to perform job duties according to institutional policy, and federal and state law in the future.

"[A] plaintiff must demonstrate standing separately for each form of relief sought." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 185 (2000). "'[A] continuing violation or the imminence of a future violation' is necessary to confer Article III standing to seek injunctive relief." Conservation Law Found. v. Pub. Serv. Co. of N.H., No. 11-cv-353-JL, 2012 WL 4477669, at *10, 2012 U.S. Dist. LEXIS 138881, at *40, 2012 DNH 174 (D.N.H. Sept. 27, 2012) (citation omitted); see also City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) (plaintiff who had been subjected to police chokehold in past lacked standing to seek injunction against enforcement of police chokehold policy in future because he could not credibly allege that he faced realistic threat from policy).

Beers's claims arise out of his December 18, 2014, attendance at the NHSP Holiday event. Attendance at each Holiday Event is voluntary; inmates must apply if they wish to be eligible to attend. Beers has not stated facts indicating that he applied to attend the event in 2015, that he is likely to attend such events in the future, or that foregoing the event in 2015 or in other years would likely subject him to any harm. Beers has therefore failed to allege sufficient facts to show that he has standing to obtain injunctive relief, relating to

the strip search procedures, or that such relief is necessary to prevent irreparable harm. See City of Los Angeles, 461 U.S. at 111 (an "equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again" by unconstitutional law enforcement practices). Accordingly, Beers's request for preliminary and permanent injunctions relating to his Fourth Amendment claim should therefore be denied, and his claims for such relief should be dismissed, without prejudice to his ability to assert such claims should circumstances warrant in the future.

    F.   Supervisory Liability

In this action, Beers has sued a number of defendants purely in their supervisory capacities, specifically: Governor Hassan, DOC Commissioner William Wrenn, Christopher Kench, and former NHSP Warden Richard Gerry. Supervisory liability under 42 U.S.C. § 1983 lies only where "an affirmative link between the behavior of a subordinate and the action or inaction of his supervisor exists such that the supervisor's conduct led inexorably to the constitutional violation." Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009) (internal quotation marks and citation omitted). Here, Beers has not stated any facts to support a claim that those supervisors' conduct, act,

or omission "led inexorably" to the conduct underlying the Fourth Amendment claims asserted in the complaint. Accordingly, the claims asserted against the supervisory defendants should be dismissed from this action.

## II. Failure to Prosecute and Prison Rape Elimination Act

Beers claims that defendants including Jean Carroll, Colon Forbes, and Attorney General Foster are liable to him for failing to investigate, report, and prosecute his claims of violations of the Prison Rape Elimination Act ("PREA") and other laws. The PREA does not provide Beers with a private right of action. See Saunders v. Pelkie, No. 15-CV-0225-JD, 2015 U.S. Dist. LEXIS 101067, at *2-*3 (D.N.H. June 26, 2015), report and recommendation adopted, 2015 U.S. Dist. LEXIS 102715 (D.N.H. July 31, 2015). Furthermore, Beers does not have a protected interest or right to have alleged wrongdoers investigated or prosecuted. Cf. Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). Accordingly, the PREA and failure to investigate, report, and prosecute claims should all be dismissed.

### III. Failure to Train and Supervise

Beers alleges that defendant Christopher Kench, in responding to Beers's grievances, manifested deliberate indifference in failing to train and supervise his subordinates. Beers's allegations in that regard do not state a claim for relief, when stripped of legal conclusions. Accordingly, the failure to train and supervise claims asserted against defendant Kench should be dismissed.

### IV. Official Capacity Claims

Beers has asserted claims against each defendant in this action in his or her official capacity. Beers has not stated any viable claim for injunctive relief in his complaint, and the Eleventh Amendment precludes official capacity suits for damages. See Davidson v. Howe, 749 F.3d 21, 27-28 (1st Cir. 2014). Accordingly, the court should dismiss all of the claims in this action to the extent they are asserted against any defendant in his or her official capacity.

### Conclusion

For the foregoing reasons, the district judge should dismiss all of the claims in this action, except the following Fourth Amendment claim for damages concerning the December 18, 2014, group strip search that occurred after the Holiday Event,

asserted against the defendants named below:

> Defendants Maj. Jon Fouts; C.O. K. Jardine; the unnamed male C.O., second shift, who ordered the inmates to strip en masse following the December 18, 2014, Holiday Event ("John Doe 2"); and the unnamed male Shift Commander, second shift, December 18, 2014 ("John Doe 1"), who authorized the use of a group strip search with Jardine present, each violated Beers's Fourth Amendment right to be protected from unreasonable searches and seizures, in that the group strip search occurred in the presence of other inmates and officers, in full view of a continuously operating video surveillance camera, and in the presence of a female corrections officer.

All other defendants named in the complaint should be dropped from this action, and all other claims should be dismissed. The district judge should also deny Beers's request for injunctive relief, and dismiss his claims for such relief, without prejudice.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 14, 2015

cc: Timothy Beers, pro se