UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Timothy Beers

    v.                                  Civil No. 15-cv-454-SM

Jon Fouts, Roderick Greenwood,
Kelly Jardine, and John Doe #2[1]

**REPORT AND RECOMMENDATION**

Before the court is plaintiff Timothy Beers's motion to amend the complaint (Doc. No. 49) to add the following eight defendants to this action: Department of Corrections ("DOC") Commissioner William Wrenn, DOC Investigations Director Colin Forbes, DOC Director of Training Christopher Kench, New Hampshire Attorney General Joseph Foster, (former) New Hampshire State Prison ("NHSP") Warden Richard Gerry, NHSP Lt. Orlando, and NHSP Sgt. Foncier), and an unnamed "John Doe" defendant. Defendants object (Doc. No. 54).

In the interest of clarity, this court has bifurcated its consideration of the motion to amend (Doc. No. 49), splitting

---

[1] The remaining defendants named in the original complaint have been dropped from this case. See Feb. 2, 2016 Order (Doc. No. 13) (approving Dec. 14, 2015 Report and Recommendation (Doc. No. 7)). John Doe #2 has not been served personally in this action, and no defendant identified as John Doe #2 has appeared. The Order issued this date adds two new defendants, Lt. Orlando and Sgt. Foncier.

its disposition into this Report and Recommendation and an Order issued this date.  Addressed in this Report and Recommendation is the motion to amend, to the extent it seeks to add claims against Wrenn, Forbes, Kench, Foster, Gerry, and an unnamed "John Doe" defendant.  The Order issued this date grants the motion to amend, to the extent it adds Claims 2 and 3 to this lawsuit, as identified in that Order, against Sgt. Foncier and Lt. Orlando.

### Standard

In general, under Fed. R. Civ. P. 15(a), leave to amend is to be "freely given," id., "unless it would be futile, or reward . . . undue or intended delay."  Resolution Tr. Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994); see also Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007).  To assess whether the proposed amendment is futile, this court applies the standard for preliminary review of claims under LR 4.3(d)(1) and 28 U.S.C. § 1915A, as set forth in the December 14, 2015 Report and Recommendation (Doc. No. 7), which was approved by the court's Feb. 2, 2016 Order (Doc. No. 13).  Where the filing of a proposed amendment occurs after the deadline for amending the complaint set by the court, the plaintiff must show "good cause" for the amendment.  Steir v. Girl Scouts of the USA, 383 F.3d 7,

12 (1st Cir. 2004).

## Discussion

### I. Defendants Named in Original Complaint

#### A. Foster, Forbes, Gerry, Kench, and Wrenn

Beers's motion to amend, to the extent it seeks to add Foster, Forbes, Gerry, Kench, and Wrenn as defendants, should be denied as futile. This court previously dismissed the claims asserted against those defendants in the original complaint, for failure to state a claim. See Dec. 14, 2015 Report and Recommendation (Doc. No. 7), approved by Feb. 2, 2016 Order (Doc. No. 13). With respect to the newly asserted claims against those individuals, the motion is based on the same information available to Beers when he filed the original complaint in this action. The motion to amend does not add new facts sufficient to state claims against those defendants, and should be denied as to those defendants.

#### B. John Doe

Beers's motion also seeks leave to add a "John Doe" defendant to this action, who, he alleges, was the officer who ordered Beers to strip and be searched. The motion, to that extent, should be denied as moot and futile. An unnamed officer, referred to as "John Doe #2," who ordered Beers to

3

submit to a strip search, remains an as-yet unidentified defendant in this case. Beers's motion to add another unnamed John Doe defendant, without offering any further identifying information, at this stage of the case, should be denied.

## Conclusion

For the foregoing reasons, the district judge should issue the following order on Beers's motion to amend (Doc. No. 49):

1.  Beers's motion to amend (Doc. No. 49) is denied, in part, to the extent Beers seeks to add claims stated in that motion against DOC Commissioner William Wrenn, DOC Investigations Director Colin Forbes, DOC Director of Training Christopher Kench, N.H. Attorney General Joseph Foster, (former) NHSP Warden Richard Gerry, and an unnamed "John Doe" defendant.

2.  The March 2017 Report and Recommendation ("R&R") is approved.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See

<u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

                                          _/s/ Andrea K. Johnstone_
                                          Andrea K. Johnstone
                                          United States Magistrate Judge

March 8, 2017

cc:   Timothy Beers, pro se
       Francis Charles Fredericks, Esq.
       Lynmarie C. Cusack, Esq.
       Seth Michael Zoracki, Esq.