UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Timothy Beers

   v.                                              Civil No. 15-cv-454-SM

Jon Fouts, Roderick Greenwood,
Kelly Jardine, Lt. Ernest Orlando,
Keith Forcier, and John Doe #2[1]


**REPORT AND RECOMMENDATION**

Before the court are the motions for summary judgment (Doc. Nos. 44, 51) filed by defendants Jon Fouts, Roderick Greenwood, and Kelly Jardine, joined by defendant Lt. Ernest Orlando, see Doc. No. 77. Plaintiff, Timothy Beers, has objected (Doc. No. 65) to defendants' motion for summary judgment (Doc. No. 44), and the defendants have filed a reply (Doc. No. 74) to that objection.

**Background**

In December 2014, in a gymnasium at the New Hampshire State Prison ("NHSP"), after guests attending a holiday party had been escorted out, NHSP inmate Beers was subjected to a "visual body cavity search" in the presence of other inmates and corrections

---

[1]The remaining parties named as defendants by plaintiff have been dropped from this case. John Doe #2 has not been served personally in this action, and no defendant identified as John Doe #2 has appeared.

staff. See Defs.' Mot. Summ. J. (Doc. No. 44), at 1, 5; Compl. (Doc. No. 1) ¶¶ 20-21. The group strip-search took place in the center of the gym floor, immediately after the NHSP's 2014 holiday party during which approximately 45 inmates had direct contact with approximately 140 outside guests. Defs.' Mot. Summ. J. (Doc. No. 44), at 1-2, 4-5; Compl. (Doc. No. 1) ¶¶ 17-18. Beers alleges that a female corrections officer, Kelly Jardine, watched the search from a vantage point in the gymnasium. Compl. (Doc. No. 1) ¶¶ 22, 36. For the purposes of this court's disposition of their motion for summary judgment, defendants do not dispute Beers's evidence regarding Jardine's presence. Defs.' Mot. Summ. J. (Doc. No. 44), at 2. It is also undisputed that the strip search occurred within view of a prison surveillance camera mounted on the wall of the gym. See Defs.' Mot. Summ. J. (Doc. No. 44), at 2, 5; Compl. (Doc. No. 1) ¶ 23. Greenwood, Fouts, Jardine, Forcier, and Orlando were not personally involved in performing the search. See Defs.' Mot. Summ. J. (Doc. No. 44), at 5; Compl. (Doc. No. 1) ¶¶ 8-9, 11, 36-39; Beers's Interrog. Resp. (Doc. No. 44-3), at 1-2.

Beers grieved claims relating to the strip search through the prison's administrative grievance system, and then filed this action, naming a number of state officers as defendants. Upon completing a preliminary review of Beers's pleadings, the

court allowed a Fourth Amendment unreasonable search claim to proceed against defendants Fouts, Jardine, Forcier, Orlando, and Greenwood, who, Beers claims, knew of the circumstances under which the search occurred and did not stop it or alter its conditions, with deliberate indifference to the violation of Beers's Fourth Amendment rights caused by that search.

Before the court are two motions for summary judgment. The first of those motions (Doc. No. 44), filed by Fouts, Jardine, and Greenwood, and joined in by Orlando, seeks summary judgment on all claims asserted by plaintiff Timothy Beers. The second summary judgment motion (Doc. No. 51), filed by the same defendants, seeks judgment as a matter of law on plaintiff's claims for damages. Beers has objected to Document No. 44, see Doc. No. 65, but has not responded to Document No. 51. Defendants filed a reply to that objection. See Doc. No. 74.

## Standard

Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Xiaoyan Tang v. Citizens Bank, N.A., 821 F.3d 206, 215 (1st Cir. 2016). "An issue is 'genuine' if it can be resolved in favor of either party, and a fact is 'material' if it has the potential

3

of affecting the outcome of the case." Xiaoyan Tang, 821 F.3d at 215 (internal quotation marks and citations omitted).  At the summary judgment stage, the court draws "'all reasonable inferences in favor of the non-moving party,' but disregard[s] 'conclusory allegations, improbable inferences, and unsupported speculation.'"  Fanning v. Fed. Trade Comm'n, 821 F.3d 164, 170 (1st Cir. 2016) (citation omitted), cert. denied, 137 S. Ct. 627 (2017).

"A party moving for summary judgment must identify for the district court the portions of the record that show the absence of any genuine issue of material fact."  Flovac, Inc. v. Airvac, Inc., 817 F.3d 849, 853 (1st Cir. 2016).  Once the moving party makes the required showing, "'the burden shifts to the nonmoving party, who must, with respect to each issue on which [it] would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in [its] favor.'"  Id. (citation omitted).  "This demonstration must be accomplished by reference to materials of evidentiary quality, and that evidence must be more than 'merely colorable.'"  Id. (citations omitted).  The nonmoving party's failure to make the requisite showing "entitles the moving party to summary judgment."  Id.

**Discussion**

I. **Qualified Immunity**

A government official named as a defendant in a prisoner civil rights action "'is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.'" Hunt v. Massi, 773 F.3d 361, 367 (1st Cir. 2014) (citation omitted); see also Mullenix v. Luna, 136 S. Ct. 305, 308 (2016). "[T]he clearly established law must be 'particularized' to the facts of the case." White v. Pauly, 137 S. Ct. 548, 552 (2017) (citation omitted). The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." Rocket Learning, Inc. v. Rivera-Sánchez, 715 F.3d 1, 9 (1st Cir. 2013) (emphasis in original) (citations and internal quotation marks omitted). The standard does not require a case on point but does require "a case where an officer acting under similar circumstances as [the defendant] was held to have violated the Fourth Amendment." White, 137 S. Ct. at 552.

The "clearly established" inquiry here is the following: Would it have been clear to a reasonable officer in December 2014 that it was unlawful to subject a prisoner to a "visual

5

body cavity search" in a group setting; without privacy screens, in view of other inmates and staff, including a corrections officer of the opposite sex, and a prison surveillance camera, following an event involving contact between inmates and visitors?

The court in Baptiste v. Foster, No. 16-cv-439-JD, 2017 DNH 098, 2017 WL 2303975, 2017 U.S. Dist. LEXIS 80241 (D.N.H. May 25, 2017), granted a motion to dismiss on grounds of qualified immunity, with respect to essentially the same Fourth Amendment claims of another NHSP inmate challenging the same December 2014 group strip search.  Citing decisions including Bell v. Wolfish, 441 U.S. 520, 559-60 (1979), for the proposition that prison "[s]trip searches and body cavity searches must be conducted in a reasonable manner that is justified by sufficient legitimate penological interests to outweigh the significant privacy interests of the inmate," see Baptiste, 2017 WL 2303975, at *2, 2017 U.S. Dist. LEXIS 80241, at *4, the Baptiste court first noted that "[i]nmates may be strip searched in the presence of other inmates who are also being searched when that is necessary to prevent introduction of contraband into the prison," id. (citing Fernandez v. Rapone, 926 F. Supp. 255, 262 (D. Mass. 1996)).  The court next considered whether the manner in which the search was conducted, including the presence of female

corrections officer Kelly Jardine, rendered qualified immunity inapplicable:

> In [Cookish v. Powell, 945 F.2d 441, 447 (1st Cir. 1991)], . . . the First Circuit held that an officer of the opposite sex who views a strip search of an inmate violates his or her constitutional rights unless the observation was due to an emergency or was "inadvertent, occasional, casual, and/or restricted." As alleged, Jardine, a female officer, was standing on the gym stairs with a view of the searches. She was not in close proximity to [the plaintiff], however, and the circumstances alleged do not suggest observation that was other than inadvertent or casual. Therefore, the law was not clearly established that Jardine's presence in the gym during [the] strip search and visual body cavity search would violate [the plaintiff's] rights.

Baptiste, 2017 WL 2303975, at *3, 2017 U.S. Dist. LEXIS 80241, at *6-*7 (citations omitted).

With respect to whether qualified immunity shielded defendants in Baptiste from claims challenging the lack of privacy screens during the strip search, the court noted that "First Circuit has not held . . . that strip searches of inmates conducted as part of a group violate their constitutional rights." Id. The Baptiste court next surveyed cases in other jurisdictions, and found a lack of consensus on whether group searches are unconstitutional; the result in each case depended on the specific circumstances at issue. See id. (citing cases). The court in Baptiste concluded that dismissal on the grounds of qualified immunity was appropriate with respect to the

7

circumstances alleged as to the December 2014 strip search, as the law was not clearly established that the manner in which that search was conducted violated the inmate's Fourth Amendment rights.  See id.

The Fourth Amendment claims in Beers's case and in Baptiste are essentially the same, as are the material facts; the same search is at issue in both cases, and in both cases, the inmate plaintiffs alleged emotional harm.  Both plaintiffs alleged that the search occurred in view of prison staff, including a female officer; a surveillance camera; and other inmates, without privacy screens.[2]  Plaintiff in Baptiste specifically alleged that Jardine was present at the top of the stairs on the side of the gym, viewing the strip search occurring on the gym floor.  Compl., Baptiste, No. 16-cv-439-JD (D.N.H.) (ECF No. 1), at 22, 24, 26.  Beers filed declarations of inmates in this case, including Stephen Baptiste, averring similar facts regarding the search conditions and Jardine's presence.  See, e.g., Decl. of Stephen Baptiste, Sept. 29, 2016 (Doc. No. 45-2), at 2.  The Baptiste court considered the plaintiff's allegations in that

---

[2]Beers accuses officers of "voyeurism"; and of watching the inmates strip for "pleasure," but his assertions in that respect are purely speculative and do not give rise to a genuine issue of material fact regarding defendants' motivation, purpose, or intent.

case, regarding Jardine's viewing of the event, under the circumstances, to suggest nothing other than casual or inadvertent observations that did not make her presence during the search equivalent to search conditions involving a guard of the opposite sex that have been deemed to be contrary to clearly established First Circuit precedent.  See Baptiste, 2017 WL 2303975, at *3, 2017 U.S. Dist. LEXIS 80241, at *7 (contrasting search in Baptiste with circumstances in Baggett v. Ashe, 41 F. Supp. 3d 113, 120–21 (D. Mass. 2014) (declining to find qualified immunity in circumstances of strip search of female inmate "when the male guard was only a few feet away and was videotaping the search")).

   The allegations in Baptiste as to defendants Fouts, Jardine, Orlando, and Foncier, are not meaningfully distinguishable from the material facts in the record in Beers's case, regarding a similar set of defendants.  There is no principled reason for avoiding the same result here with respect to Beers's claims as to Fouts, Jardine, Greenwood, and Orlando.  Accordingly, the district judge here should follow Baptiste and grant those defendants' (first) motion for summary judgment (Doc. No. 41), on the grounds of qualified immunity.

II. <u>Motion for Summary Judgment on Damages (Doc. No. 51)</u>

Defendants Fouts, Greenwood, Jardine, and Orlando have also moved for summary judgment on plaintiff's claims for damages (Doc. No. 51). The district judge should deny that motion as moot, with respect to the claims of those moving parties, without prejudice to defendant Forcier's ability to file a similar motion as to damages, after he appears in this action.

III. **<u>Defendants John Doe #2 and Forcier</u>**

Defendant John Doe #2 has not been served in this action within the time allowed for plaintiff to do so under Fed. R. Civ. P. 4(m). Accordingly, plaintiff's claims against John Doe #2 should be dismissed without prejudice, pursuant to Rule 4(m).

Defendant Forcier was the last party named as a defendant as to whom service was directed. Forcier has not yet appeared. To move this case towards resolution, and to simplify the issues, without prejudice to the nonmoving parties' ability to litigate any viable claims and defenses available to them, defendants' two motions for summary judgment (Doc. Nos. 44, 51) should be resolved in the manner recommended here only as to the moving parties, Fouts, Jardine, Orlando, and Greenwood.

## Conclusion

For the foregoing reasons the district judge should grant

defendants Fouts, Greenwood, Orlando, and Jardine's motion for summary judgment on grounds of qualified immunity (Doc. No. 44), in favor of the moving parties, and deny as moot the same defendants' motion for summary judgment on damages (Doc. No. 51), without prejudice to Forcier's ability to litigate similar motions.  All claims in this case against defendant John Doe #2 should be dismissed without prejudice, pursuant to Fed. R. Civ. P. 4(m).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　Andrea K. Johnstone
　　　　　　　　　　　　　　　　　United States Magistrate Judge

June 12, 2017

cc:   Timothy Beers, pro se
　　　Francis Charles Fredericks, Esq.
　　　Lynmarie C. Cusack, Esq.
　　　Seth Michael Zoracki, Esq.