**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Timothy Beers

    v.                                                   Case No. 15-cv-454-SM
                                                              Opinion No. 2018 DNH 045

Jon Fouts et al.

**O R D E R**

Before the court is defendant New Hampshire State Prison ("NHSP") Sgt. Keith Forcier's motion to dismiss (Doc. No. 86), in which Forcier asserts entitlement to qualified immunity in this matter. Plaintiff Timothy Beers has filed an objection (Doc. No. 87).

**Background**

I.   December 2014 Strip Search

The facts underlying Beers's claim against Forcier have been previously set forth in this case in detail, most recently in the magistrate judge's June 12, 2017 Report and Recommendation (Doc. No. 82), 2017 WL 4048283, 2017 U.S. Dist. LEXIS 147378 (D.N.H. June 12, 2017) ("June 12 R&R"), R&R approved by Sept. 12, 2017 Order (Doc. No. 92), 2017 WL 4041316, 2017 U.S. Dist. LEXIS 147077 (D.N.H. Sept. 12, 2017) ("September 12 Order"). Those facts need not be repeated here. It is sufficient, for purposes of this Order, to note that this action

arises out of a December 18, 2014 group strip search ("December 2014 search"), conducted at the NHSP after an event attended by inmates, including Beers, and members of the inmates' families. During the December 2014 search, officers, some or all of whom were subordinates of Forcier, conducted "visual body cavity" searches of inmates in the presence of other inmates, a video surveillance camera, and corrections officers, including a female officer.

Beers has alleged that Forcier was present at the December 2014 search in his capacity as a supervisory officer. Beers claims that Forcier, based on his training, knew that the December 2014 search violated NHSP administrative rules and policies, as well as unspecified state and federal laws. Beers asserts that Forcier had the ability and authority to prevent or stop the December 2014 search, as evidenced by the fact that Forcier did in fact allow one inmate to be searched privately upon request, but Forcier did not prevent or stop the other inmates from being subjected to the group search.

In this case, the court has recognized the following claim against Forcier:

> Sgt. Keith Forcier violated Beers's Fourth Amendment rights, in that Beers was subjected to an unreasonable group strip search after the December 18, 2014 Holiday Event, although Forcier, who had personal knowledge of the circumstances under which the strip search occurred, as well as the authority to stop that search, failed to issue orders to cause the search to

2

>     stop, and was deliberately indifferent to the
>     violation of Beers's Fourth Amendment rights caused by
>     that search.

See Mar. 8, 2017 Order (Doc. No. 60), at 6.  This claim arises under Forcier's supervisory liability, as Beers has asserted that Forcier was directly involved in and/or deliberately indifferent to the "rights-violating conduct" of his subordinates.

II. Procedural History

A.   Previous Grant of Summary Judgment

This court previously granted summary judgment in this case in favor of the other defendants named in this action, in regard to Beers's claims that the conduct of those defendants during the December 2014 search violated Beers's Fourth Amendment rights.  See September 12 Order (approving June 12 R&R).  In granting summary judgment in the defendants' favor, the court found that the defendants were entitled to qualified immunity, in that, at the time of the pertinent group strip search, it was not clearly established "that it was unlawful to subject a prisoner to a 'visual body cavity search' in a group setting; without privacy screens, in view of other inmates and staff, including a corrections officer of the opposite sex, and a prison surveillance camera, following an event involving contact between inmates and visitors."  June 12 R&R, at 5-6.

B. Motion to Dismiss

At the time the magistrate judge recommended that the defendants' motion for summary judgment be granted in this case, Forcier had not yet been served. Once served, see Doc. No. 84, Forcier filed the instant motion to dismiss (Doc. No. 86), arguing that the Fourth Amendment claim against him should be dismissed as he, like the other defendants in this action, is entitled to qualified immunity. Beers objects to dismissing the claim against Forcier, contending that Forcier, at the time of the December 2014 search, due to his training, knew that his conduct in regard to that search violated prison policies and rules, and other unspecified legal obligations. Beers argues that, as a result of his training and knowledge, the court should find that Forcier is not entitled to qualified immunity in this matter.

**Discussion**

I. Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court accepts the factual allegations concerning Forcier in Beers's pleadings as true, construes reasonable inferences in Beers's favor, and, disregarding legal conclusions, determines whether plaintiff's factual allegations state a claim upon which relief may be granted. See Labor

Relations Div. of Constr. Indus. of Mass., Inc. v. Healey, 844 F.3d 318, 326-27 (1st Cir. 2016). Because Beers is proceeding pro se, his pleadings are construed liberally. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014).

"Qualified immunity protects public officials from § 1983 suits for damages if their actions 'd[id] not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Ciolino v. Gikas, 861 F.3d 296, 302 (1st Cir. 2017) (quoting White v. Pauly, 137 S. Ct. 548, 551 (2017)). Where the plaintiff has asserted sufficient facts to state a claim for a violation of a constitutional right, the plaintiff must demonstrate that the right in question was "'clearly established' at the time of defendant's alleged misconduct." McKenney v. Mangino, 873 F.3d 75, 81 (1st Cir. 2017) (citation omitted), petition for cert. filed, No. 17-1147 (U.S. Feb. 13, 2018). To do so,

> the plaintiff must point to controlling authority or a consensus of cases of persuasive authority that broadcasts a clear signal to a reasonable official that certain conduct falls short of the constitutional norm. Then, the court must evaluate whether an objectively reasonable official in the defendant's position would have known that his conduct violated that rule of law.

Id. (internal quotation marks and citations omitted).

"'[C]learly established law' should not be defined 'at a high level of generality.' . . . [T]he clearly established law must be 'particularized' to the facts of the case." White, 137 S. Ct. at 552 (citation omitted). "These inquiries are carried out with the understanding that qualified immunity is meant to shield 'all but the plainly incompetent or those who knowingly violate the law.'" McKenney, 873 F.3d at 81 (quoting White, 137 S. Ct. at 551).

"Qualified immunity is an affirmative defense to personal liability that can be asserted on a pretrial motion to dismiss under Rule 12(b)(6) for failure to state a claim." Ledea v. Metro-Dade Cty. Police Dep't, 681 F. App'x 728, 729 (11th Cir. 2017). "At the motion to dismiss stage in the litigation, the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined." Id. (internal quotation marks and citation omitted). "'[A]sserting a qualified immunity defense via a Rule 12(b)(6) motion . . . subjects the defendant to a more challenging standard of review than would apply on summary judgment. . . . [T]he defendant's conduct as alleged in the complaint is scrutinized for objective legal reasonableness.'" McAllister v. Kellogg, 637 F. App'x 518, 519 (10th Cir. 2016) (citations omitted) (emphasis in original).

B. Analysis

In this case,

> [t]he "clearly established" inquiry . . . is the following: Would it have been clear to a reasonable officer in December 2014 that it was unlawful to subject a prisoner to a "visual body cavity search" in a group setting; without privacy screens, in view of other inmates and staff, including a corrections officer of the opposite sex, and a prison surveillance camera, following an event involving contact between inmates and visitors?

June 12 R&R, at 5-6, approved by Sept. 12 Order. In Baptiste v. Foster, No. 16-cv-439-JD, 2017 DNH 098, 2017 WL 2303975, 2017 U.S. Dist. LEXIS 80241 (D.N.H. May 25, 2017) ("Baptiste I"), another case filed in this court in which the NHSP inmate plaintiff asserted that the December 2014 search violated his Fourth Amendment rights, the court granted a motion to dismiss on grounds of qualified immunity. Forcier was a defendant in Baptiste.[1] See id., 2017 WL 2303975, at *1, 2017 U.S. Dist. LEXIS 80241, at *1. Following Baptiste, this court has previously found, in this case, that

> [the] "First Circuit has not held . . . that strip searches of inmates conducted as part of a group violate their constitutional rights. . . . The court in Baptiste concluded that dismissal on the grounds of qualified immunity was appropriate with respect to the circumstances alleged as to the December 2014 strip search, as the law was not clearly established that

---

[1]The May 25, 2017 Order in Baptiste identifies defendant Forcier's last name as "Foncier." See Baptiste I, 2017 WL 2303975, at *1, 2017 U.S. Dist. LEXIS 80241, at *1. The record of the instant case makes clear that "Foncier" is the same person as defendant Forcier here.

7

> the manner in which that search was conducted violated
> the inmate's Fourth Amendment rights."

June 12 R&R, at 7 (quoting Baptiste I, 2017 WL 2303975, at *3, 2017 U.S. Dist. LEXIS 80241, at *6-*7 (citations omitted)), approved by Sept. 12 Order.  This court then found that, as the claims in this case and in Baptiste are essentially the same, as are the material facts, "[t]here is no principled reason for avoiding the same result here."  June 12 R&R, at 9, approved by Sept. 12 Order.

Beers's allegation that Forcier knowingly acted in violation of his training, NHSP administrative rules and policies, and other unspecified laws, during the December 2014 search, taken as true, fails to demonstrate that Forcier's conduct violated Beers's clearly established constitutional rights.  See Baptiste v. MacDonald, No. 16-cv-429-JD, 2017 DNH 140, 2017 WL 3034254, at *2, 2017 U.S. Dist. LEXIS 110172, at *5 (D.N.H. July 17, 2017) ("Baptiste II") (citing Ziglar v. Abbasi, 127 S. Ct. 1843, 1866-67 (2017)).  As discussed herein, and in the June 12, 2017 R&R, "there was no clearly established law in 2014 that strip searches without privacy screens would violate inmates' Fourth Amendment rights," and Forcier is thus entitled to qualified immunity from liability.  Baptiste II, 2017 WL 3034254, at *2, 2017 U.S. Dist. LEXIS 110172, at *5.

## Conclusion

For the foregoing reasons, defendant Sgt. Keith Forcier's motion to dismiss (Doc. No. 86) is GRANTED. As there are no other defendants or claims remaining in this action, the clerk's office is directed to enter judgment in this matter and close the case.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

March 7, 2018

cc: Timothy Beers, pro se
    Francis Charles Fredericks, Esq.
    Lynmarie C. Cusack, Esq.
    Seth Michael Zoracki, Esq.